UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

DAVID KENNETH SMITHERMAN,     )
                              )
     Plaintiff,               )
                              )
v.                            )     CASE NO. 7:13-cv-01838-JHE
                              )
CAROLYN W. COLVIN, ACTING     )
COMMISSIONER OF SOCIAL        )
SECURITY ADMINISTRATION,      )
                              )
     Defendant.               )

### MEMORANDUM OPINION[1]

Plaintiff David Kenneth Smitherman ("Smitherman") seeks review, pursuant to 42 U.S.C. §§ 405(g), 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Smitherman timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). After careful consideration of the record, and for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

### I. Factual and Procedural History

Smitherman was thirty-one years old, having been born June 1, 1981, at the time of his hearing before the Administrative Law Judge ("ALJ"), on August 16, 2012. (Tr. 29, 47). Smitherman has approximately one year of college education (tr. 35-36), and previously worked as a forklift operator, automobile parts assembler, a landscape laborer, and as a cashier. (Tr. 32-33).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 11).

Smitherman applied for DIB on April 7, 2011, and SSI on April 15, 2011, alleging an initial onset date of March 7, 2011. (Tr. 45). Smitherman's applications were denied on June 21, 2011, (tr. 58-67), and Smitherman requested a hearing before an ALJ, (tr. 74). After a hearing, the ALJ denied Smitherman's claim on September 14, 2012. (Tr. 20-23). Smitherman sought review by the Appeals Council, but the Council denied his request on August 1, 2013. (Tr. 1-5). On that date, the ALJ's decision became the final decision on the Commissioner. Smitherman then initiated this action on October 4, 2013. (Doc. 1).

## II. Standard of Review[2]

The Court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the proper legal standards were applied. *See Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court must "scrutinize the record as a whole . . . to determine if the decision reached is reasonable . . . and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). This Court will determine the ALJ's decision is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.* The court must uphold factual findings supported by substantial evidence. The ALJ's legal conclusions, however, are reviewed *de novo*, "because no presumption of validity attached to the [ALJ's] determination of the proper legal standards to be applied . . . ." *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the Court finds an error in the ALJ's application of the law, or

---

[2] The legal standards applied are the same whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provisions as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

if the ALJ failed to provide the Court with sufficient reasoning for determining the proper legal analysis has been conducted, the ALJ's decision must be reversed. *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To establish entitlement for a period of disability, DIB and SSI, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505 (a); 416.905(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment which 'must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.'" 20 C.F.R. §§ 404.1508, 416.908.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). The Commissioner must determine in sequence:

    (1)  whether the claimant is currently engaged in substantial gainful activity;

    (2)  whether the claimant's alleged impairment (or combination of impairments) is "severe";

    (3) whether the claimant's severe impairment satisfies or medically equals an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1;

    (4)  whether the claimant has the residual functional capacity to perform past relevant work; and

---

[3] The "Regulations" promulgated under the Act are listed in 20 C.F.R. Parts 400 to 499, revised April 1, 2014.

(5) whether the claimant can perform other work in the national economy given [his] residual functional capacity, age, education, and work experience.

*Frame v. Commissioner, Social Sec. Admin.,* 2015 WL 150733, *2 (11th Cir. 2015)[4] (quoting §§ 404.1520(a)(4)(i)-(iv), 416.920(a)(4)(i)-(v)).  If the claimant has satisfied steps one and two, he will automatically be found disabled at step three if he suffers from a listed impairment.  *See e.g., Dixon v. Astrue*, 312 Fed. App'x 226, 227 (11th Cir. 2009) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  If the claimant does not have a listed impairment but cannot perform his past work, the burden shifts to the Commissioner to show that the claimant can perform some other available job.  *Id.* at 227-228.  The Commissioner must further show that such work exists in the national economy.  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found that Smitherman had not engaged in substantial gainful activity since his alleged onset date.  (Tr. 21).  At Step Two, the ALJ found that Smitherman had no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment.  (*Id*.)  Therefore, the ALJ did not reach Steps Three, Four or Five.

## V. Analysis

This Court is limited in its review of the Commissioner's decision in that the Commissioner's findings of fact must be reviewed with deference.  *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Graham v. Bowen*, 790 F.2d 1572, 1574-75 (11th Cir. 1986)).  In contrast to factual findings, the Commissioner's conclusions of law are subject to an

---

[4] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

"exacting examination" or *de novo* review.  *See Martin*, 894 F.2d at 1529 (citing *Gibson v. Heckler*, 779 F.2d 619, 622 (11th Cir. 1986)  ("The Secretary's failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal.") (citations omitted).  In particular, this Court has a "responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding."  *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).  However, the Court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]."  *Id*.  (citation omitted).

  Smitherman contends the ALJ erred in not continuing the sequential analysis beyond Step Two, as medical diagnoses of panic disorder, generalized anxiety disorder and dysthemic disorder appear in the record.  (Doc. 12 at 6).

  The ALJ recognized that Smitherman has been diagnosed with generalized anxiety disorder, depressive disorder, and panic disorder.  (Tr. 22).   Smitherman argues that, having recognized these diagnoses, the ALJ's determination they are not medically determinable impairments is not based on substantial evidence.  (Doc. 12 at 6).  However, any error in finding these diagnoses not "medically determinable impairments" is harmless.  *Miller v. Barnhart*, 182 F. App'x 959, 964 (11th Cir. 2006) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)) ("[W]hen an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.").  Although the ALJ stated Smitherman did not have any medically determinable impairments, that finding implicitly includes the finding Smitherman's impairments were not severe, and the ALJ's rationale for the former conclusion also supports the latter conclusion.

Finding the diagnoses to be medically determinable non-severe impairments would not change the outcome, nor require the ALJ's analysis to proceed past step two. *See, e.g., Moore v. Barnhart*, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005) (per curiam) (noting that the mere existence of impairments does not reveal the extent to which they limit the claimant's ability to work).

An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental abilities to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). "[A]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. §§ 404.1521(a), 416.921(a).

Because Smitherman claims limitations from mental disorders only, the severity of any limitations is

> measured "according to the functional limitations imposed by [one's] medically determinable mental impairment(s)." *Id*. pt. 404, subpt. P, app. 1, § 12.00(C). Functional limitations are assessed using the four paragraph B criteria: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. *Id.; see also id.* § 416.920a(c)(3). A mental impairment generally is considered non-severe under step two if the degree of limitation in the first three paragraph B criteria is rated as "none" or "mild" and there have been no episodes of decompensation. *Id.* § 416.920a(d)(1).

*Stone v. Commissioner of Social Sec*., 586 Fed. App'x. 505, 512 (11th Cir. 2014).

Smitherman failed to satisfy his burden to establish that his mental impairments were severe. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) ("At the second step, she must prove that she has a severe impairment or combination of impairments."). The evidence of mental impairments in the record before the ALJ does not show Smitherman's ability to work was significantly limited. The ALJ considered the medical evidence in the record but found

6

Smitherman's allegations of limitations, including those reported to multiple doctors, were contradicted by Smitherman's own testimony and actions. In March 2011, Smitherman reported to his family physician that driving was his biggest problem, (tr. 241), but, in May 2011, he reported to Dr. Donald Blanton, to whom he was referred for a consultative examination, that he maintained a valid driver's license and drove his daughters to school every day, (tr. 262). Similarly, the ALJ noted that, despite claiming his anxiety and panic attacks were so severe he had to leave work at Mercedes, he started work at another employer (Plastipak) a month later, (tr. 21), and started his own business that same year, (tr. 22) (citing tr. 47-49). There was also evidence he was still self-employed when he left Plastipak allegedly because of severe anxiety and panic attacks. (Tr. 22) (citing tr. 146-50). Further, the ALJ points out that, despite allegations of increased anxiety, the Employer Claimant Questionnaire indicated normal memory, judgment, and ability.[5] (Tr. 21; tr. 189-191). Moreover, the ALJ cited indications of misleadingly incomplete hearing testimony that, together with the other evidence, led the ALJ to the conclusion Smitherman stopped work at Mercedes not because he was disabled but to get the $50,000 reduction-in-force buy-out. (Tr. 22).

No doctor, treating physician or otherwise, opined that Smitherman's abilities to carry out and remember instructions, use judgment, respond appropriately to supervision or deal with changes in a routine work setting were in any way limited. *See* 20 C.F.R §§ 404.1521(b); 416.921(b). In fact, Dr. Steven D. Dobbs consultative examination opinion from June 21, 2011, indicated only non-severe impairments, (tr. 264), and no functional limitations, (tr. 274). The record clearly reflects Smitherman was gainfully employed the entire span of time Dr. Alicia

---

[5] Smitherman points to the questionnaire's statement he had tardiness and attendance issues as corroborating his allegations of increased anxiety, (doc. 12 at 7); however, the ALJ notes evidence to support the conclusion Smitherman was, at that time, also self-employed at a business at which he would likely interact directly with strangers on a regular basis, (tr. 22).

Austin treated him, and at no time did she opine that he should not be working. (Tr. 209-238). Smitherman also went to Indian Rivers Mental Health Center beginning in June 2011, (tr. 282-298, 310-317), and although those records support the conclusion Smitherman suffers from anxiety and panic attacks, they shed no light on the severity of his conditions.

Smitherman points to his Global Assessment of Functioning ("GAF") scores (with four separate ones ranging from 30 to 60) as evidence he had "serious symptoms consistent with an inability to keep a job," (doc. 12 at 6-7) (citing tr. 282, 298, & 310); (*see also* tr. 297); however, not only are the GAF scores wildly inconsistent among themselves and with the other evidence of Smitherman's mental capacity, but generally courts often give such scores little weight, *see Speagle v. Astrue*, No. 3:08-CV-1046-J-JRK, 2010 WL 750341, at *10 (M.D. Fla. Mar. 4, 2010) (and citations therein); *see also Wind v. Barnhart*, 133 F. App'x 684, 692 (11th Cir. 2005) (noting the Commissioner has not endorsed the GAF scale and has indicated it has no direct correlation to the severity requirements of the mental disorder listings).

Because Smitherman failed to show that his mental diagnoses significantly limited his ability to do basic work activities, he did not satisfy his burden to show that his mental impairments were, in fact, severe, and the ALJ holding the named impairments were "not medically determinable," as opposed to "non-severe," does not change the outcome of this case. Therefore, any error in this regard was harmless. Having reviewed the evidence in the record, the undersigned finds the decision of the ALJ was supported by substantial evidence.

## V. Conclusion

For the foregoing reasons, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of

```
```

9

Social Security denying Plaintiff's claim for DIB and SSI be **AFFIRMED** and this action is due to be **DISMISSED WITH PREJUDICE**.  A separate Order will be entered.

DONE this 6th day of March 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE